# EXHIBIT "A"

# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 09/21/2022 11:59 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk
Case 2:22-cv-07228-ODW-AS Document 1-2 Filed 10/04/22 Page 2 of 53 Page ID #:14
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Bruce Iwasaki

Kenneth R. Myers, Esq. (SBN 207103)
**EMPLOYEES LAW CENTER**
6901 Woodlake Avenue
West Hills, CA 91307
Tel: (818) 501-8900
Fax: (818) 561-3990
Email: ken@employeeslawcenter.com

Counsel for Plaintiff MARK TOWNSEND

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| MARK TOWNSEND, an individual, | Case No.: 22STCV30860 |
| Plaintiff, | **COMPLAINT; JURY TRIAL DEMAND** |
| vs. | 1. **Workplace Disparate Treatment (FEHA)** |
| AHERN RENTALS, INC., a Nevada | 2. **Workplace Disparate Impact (FEHA)** |
| corporation; DON AHERN, an individual; | 3. **Hostile Work Harassment (FEHA)** |
| MARK BROWN, an individual; and DOES 1 | 4. **FEHA Retaliation (FEHA)** |
| through 50, inclusive, | 5. **Failure to Prevent (FEHA)** |
| Defendant | 6. **Whistleblower Retaliation** |
|  | 7. **Wrongful Termination** |

## ALLEGATIONS

### A.   THE PARTIES.

1.   Plaintiff MARK TOWNSEND ("plaintiff" or "Employee") at all relevant times has been and/or is an individual residing in the County of Los Angeles, State of California.

2.      On information and belief, defendant AHERN RENTALS, INC. ("defendant" or "Employer") is a Nevada corporation that at all relevant times has done and/or does business in the County of Los Angeles, State of California.

3.      On information and belief, defendant DON AHERN ("the CEO") is an individual who at all relevant times has owned, operated and managed Employer, has been Chief Executive Officer of Employer, and/or has otherwise been an officer, director, and managing agent of Employer.

4.      On information and belief, defendant MARK BROWN ("the COO") is an individual who at all relevant times has been Chief Operating Officer of Employer and/or has otherwise been an officer, director, and managing agent of Employer.

5.      Plaintiff does not know the true names of defendants DOES 1 through 50, inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of these Doe defendants was in some manner legally and proximately responsible for the events and happenings alleged in this complaint and for plaintiff's injuries and damages alleged herein.  Defendants and the Doe defendants are collectively referred to herein as "defendants."

6.      Plaintiff is informed and believes, and on the basis of that information and belief alleges, that, at all times mentioned in this complaint, each of the defendants was the agent and employee of each of the other defendants and was acting in the course and scope of such agency in doing any and all wrongful acts and causing any and all injuries alleged herein; each of the defendants impliedly and/or expressly authorized and/or ratified the wrongful and injurious conduct of each of the other defendants; and each of the defendants was acting in concert,

partnership, joint venture and/or conspiracy with each co-defendant in committing the wrongful and injurious conduct alleged herein.

**B.      PROCEDURAL PRE-REQUISITES.**

7.      With respect to any state or federal claims for employment discrimination, harassment or retaliation, plaintiff has satisfied administrative prerequisites thereto, where required, by filing one or more timely charges with the California Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment Opportunity Commission ("EEOC") and by obtaining one or more right-to-sue letters.  True and correct copies of the relevant charge(s) and right-to-sue letter(s), if applicable, are attached hereto as Exhibit 1.

**C.      THE WRONGFUL CONDUCT.**

8.      Plaintiff was employed by Employer for approximately 17 years, until his wrongful termination in or around June of 2020, primarily working out of Employer's facility in Pacoima, California.  Plaintiff answered to and was managed and/or supervised, directly and/or indirectly, to a material degree by the CEO and the COO.

9.      At the time of Plaintiff's termination, he was 58 years of age.  Prior to his termination, Plaintiff witnessed severe and pervasive age-related harassment and discriminatory bias by defendants.

10.      On information and belief, on multiple occasions during business meetings, the COO made offensive and bigoted statements that were severe, pervasive and both objectively offensive and offensive to Plaintiff including, but not limited to, statements such as these:

　　　　a.      "If you have any employees getting close to the age of 60 start lining up their replacement now and get rid of them as soon as possible.

　　　　b.      "If you have any [employees] that are already 60 get rid of them now, fire them."

c.  "We have too many old sick people on payroll."

d.  "We have to stop hiring married guys…  we can't keep the wives out of the doctor's office and it costs us to much to keep these [married guys] on payroll."

e.  "We have to quit hiring diabetics."

f.  "We are buying way too many needles for these diabetics, and we need to stop hiring them."

g.  "Do not hire any niggers or women for the sales force or positions where they are first seen by the public."

11.     Prior to Plaintiff's termination, the COO told a regional director that he "needed to get rid of all the old fuckers like Mark Townsend and get some young blood on board."

12.     During this employment, Plaintiff's wife passed away from ovarian cancer and he was single for some time.  When the COO – based against employing married men – heard that Plaintiff was planning to re-marry, he had a meeting with Plaintiff in which he improperly and offensively grilled Plaintiff about his intentions to re-marry and basically tried to talk him out of it, and asked inappropriate personal questions related to Plaintiff's romantic relationship with his fiance.  When the COO saw he could not talk Plaintiff out of his resolve to marry, the COO had the poor taste to say, "just make sure you don't pick another one [wife] that ends up with cancer," which comment was highly offensive to Plaintiff.

13.     On information and belief, on multiple occasions during business meetings, the CEO made offensive and bigoted statements that were severe, pervasive and both objectively offensive and offensive to Plaintiff including, but not limited to, statements such as these:

a.  "We don't like hiring niggers.  They are dumb.  They are just born that way."

b. "We need to get rid of all the old fuckers, niggers and anyone with a medical issue."

c. "If it was up to me, I would get rid of all the niggers, Mexicans, and women, because they're useless."

d. After the CEO's son, Evan Ahern, stated in a meeting that "We do not hire niggers at Ahern Rentals," the CEO also in that meeting, after hearing this comment, ratified it and adopted it by responding as follows: "Or fat people, they have way too many  health issues."

e. After a black employee was terminated from a branch location, Don said to the branch manager, "Is that nigger you just fired going to sue me?  That's what niggers do, you know."

f. In general, the CEO regularly and frequently referred to blacks as "niggers" in the workplace.

14.     On information and belief, in or around 2019, the CEO hired a manager who he gave express instructions to get rid of the "old baggage" because, "I can hire [younger] people for half the money."

15.     On information and belief, in or around 2019, the CEO told the Vice President of Finance that he wanted her to find a creative way that Employer would get rid of its older employees because, in his view, they were less efficient, less productive, slow and stuck in their ways, and driving up the cost of benefits.

16.     As Plaintiff neared the age of 60, the age at which defendants had a known and stated bias against retaining employees, defendants began taking responsibilities away from

Plaintiff for no legitimate reason, and then finally terminated him in 2020, shortly after his 58th birthday.

17.     During this employment, Plaintiff was regularly instructed by defendants not to hire and/or to terminate older employees and/or black employees, which instructions were offensive to Plaintiff.  On one or more occasions, Plaintiff defied these instructions and in response was reprimanded and scolded by defendants.  When Plaintiff defied these instructions by hiring, or refusing to fire for a discriminatory reason, an employee because of age and/or race, Plaintiff was engaged in a protected activity under Labor Code section 1102.5(c) by refusing to participate in an illegal practice in the workplace, and under FEHA by resisting FEHA violations, and all reprimands and adverse employment actions resulting from such protected activity constituted illegal whistle-blower retaliation as well as FEHA retaliation.

18.     On information and belief, Employee's termination in or around June of 2020 was substantially motivated, jointly and/or severally, in whole or in part, by (a) Employee's age (58), (b) by Employee's marital status (married), (c) by Employee's protected activities under FEHA (resisting FEHA violations), and (d) by Employee's protected whistle-blower activities (refusing to participate in illegal practices).

<div align="center">

**CAUSE OF ACTION NO. 1**
**WORKPLACE DISPARATE TREATMENT**
**(Government Code §12940, et seq.)**
**(Against Employer and Doe defendants)**

</div>

19.      All prior statements and allegations are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

20.     At all relevant times, defendants had five or more employees and were covered employers under FEHA.  At all relevant times, plaintiff was an employee covered by FEHA.

21.     Defendants took adverse employment actions against plaintiff as previously alleged.

22.     When defendants took these adverse actions, defendants were motivated, at least in part, by plaintiff's actual and/or perceived protected characteristic(s) (including age and/or marital status) as previously alleged.  These adverse employment actions were each, jointly and severally, a substantial factor in causing harm to plaintiff.

23.     As a direct and proximate result of these adverse employment actions and disparate treatment in violation of FEHA, plaintiff was harmed and damaged in an amount to be proven at trial.  Such damages include, but are not limited to, the following:

a.   Special damages for lost income, lost benefits, lost earnings capacity, and other economic loss suffered by plaintiff, according to proof at trial.

b.   General damages consisting of past and future emotional distress, mental anguish, pain, suffering, hurt, anxiety, inconvenience, ordeal, worry, anger, frustration, humiliation and embarrassment, according to proof at trial.

c.   Necessary and reasonable attorneys' fees incurred by plaintiff to enforce rights under FEHA, which fees are presently indeterminate as they continue to accrue.

d.   Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

24.     Defendants engaged in this wrongful conduct with malice, oppression and/or fraud.  This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants.  This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing

disregard of plaintiff's rights.  Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

### CAUSE OF ACTION NO. 2
### WORKPLACE DISPARATE IMPACT
#### (Government Code §12940, et seq.)
#### (Against Employer and Doe defendants)

25.     All prior statements and allegations are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

26.     At all relevant times, defendants had five or more employees and were covered employers under FEHA.  At all relevant times, plaintiff was an employee covered by FEHA.

27.     At all relevant time, plaintiff was a member of one or more protected groups under FEHA by virtue of plaintiff's actual and/or perceived protected characteristic(s) as previously alleged (including age and/or marital status).

28.     All of defendant's employees sharing one or more of the protected characteristics or perceived by defendant as having such characteristic(s) were thereby members of a protected group.

29.     Plaintiff was a member of one or more such protected groups.

30.     Defendants had one or more employment practices and/or policies that had a disproportionate adverse effect on members of one or more of the protected groups to which plaintiff belonged, or was perceived as belonging, as previously alleged.

31.     Due to plaintiff's actual or perceived membership in such protected group(s), plaintiff suffered adverse effect from said practices/policies.

32.     As a direct and proximate result of this disparate impact discrimination in violation of FEHA, plaintiff was harmed and damaged in an amount to be proven at trial.  Such damages include, but are not limited to, the following:

a.   Special damages for lost income, lost benefits, lost earnings capacity, and other economic loss suffered by plaintiff, according to proof at trial.

b.   General damages consisting of past and future emotional distress, mental anguish, pain, suffering, hurt, anxiety, inconvenience, ordeal, worry, anger, frustration, humiliation and embarrassment, according to proof at trial.

c.   Necessary and reasonable attorneys' fees incurred by plaintiff to enforce rights under FEHA, which fees are presently indeterminate as they continue to accrue.

d.   Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

33.     Defendants engaged in this wrongful conduct with malice, oppression and/or fraud.  This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants.  This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of plaintiff's rights.  Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

///

///

///

///

**CAUSE OF ACTION NO. 3**
**HOSTILE WORK ENVIRONMENT HARASSMENT**
**(Government Code §12940, et seq.)**
**(Against all Defendants)**

34.     All prior statements and allegations are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

35.     At all relevant times, defendants had five or more employees and were covered employers under FEHA.  At all relevant times, plaintiff was an employee of defendants covered by FEHA.  The Fair Employment and Housing Act (FEHA) prohibits harassment in employment.

36.     Plaintiff was subjected to unwanted harassing conduct and comments, as previously alleged, related to age, gender, marital status, disability, and race.  To the extent Plaintiff was not black, female, or disabled, he was nevertheless offended by the inappropriate and highly offensive comments disparaging blacks, women, and disabled people, which comments were severe and pervasive and created a hostile work environment for every person who did not share in these biased views.

37.     The harassing conduct was so severe, widespread, or persistent that a reasonable person would, in the same circumstances as plaintiff, have considered the work environment to be hostile and/or abusive.

38.     Plaintiff did, in fact, consider the work environment to be hostile and/or abusive.

39.     The harassing conduct was committed, at least in part, by a supervisor with actual or reasonably perceived authority over plaintiff.  Defendants and/or its supervisors and agents knew or should have known of the harassing conduct and failed to take immediate and

appropriate corrective action.  Defendants impliedly or expressly authorized or ratified the harassing conduct.

40.     As a direct and proximate result of this wrongful conduct, plaintiff was harmed and damaged in an amount to be proven at trial.  Such damages include, but are not limited to, the following:

a.   Special damages for lost income, lost benefits, lost earnings capacity, and other economic loss suffered by plaintiff, according to proof at trial.

b.   General damages consisting of past and future emotional distress, mental anguish, pain, suffering, hurt, anxiety, inconvenience, ordeal, worry, anger, frustration, humiliation and embarrassment, according to proof at trial.

c.   Necessary and reasonable attorneys' fees incurred by plaintiff to enforce rights under FEHA, which fees are presently indeterminate as they continue to accrue.

d.   Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

41.     Defendants engaged in this wrongful conduct with malice, oppression and/or fraud.  This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants.  This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of plaintiff's rights.  Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

///

///

**CAUSE OF ACTION NO. 4**
**FEHA RETALIATION**
**(Government Code §12940, et seq.)**
**(Against Employer and Doe defendants)**

42.     All prior statements and allegations are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

43.     The Fair Employment and Housing Act prohibits an employer from retaliating against an employee  for engaging in activities protected under FEHA.

44.     At all relevant times, defendants have employed over five employees and have been covered by FEHA's anti-discrimination provisions and plaintiff was an employee of defendants covered by FEHA.

45.     Plaintiff engaged in one or more protected activities under FEHA including, but not limited to, making a good faith report or complaint to appropriate personnel of a reasonably suspected FEHA violation and/or requesting religious or disability accommodation.

46.     Following such protected activities, defendants engaged in one or more adverse employment actions toward plaintiff, including those adverse employment actions previously alleged herein.

47.     Plaintiff's protected activities under the FEHA were a motivating reason for said adverse employment action(s).

48.     As a direct and proximate result of this wrongful conduct, plaintiff was harmed and damaged in an amount to be proven at trial.  Such damages include, but are not limited to, the following:

      a.   Special damages for lost income, lost benefits, lost earnings capacity, and other economic loss suffered by plaintiff, according to proof at trial.

b.   General damages consisting of past and future emotional distress, mental anguish, pain, suffering, hurt, anxiety, inconvenience, ordeal, worry, anger, frustration, humiliation and embarrassment, according to proof at trial.

c.   Necessary and reasonable attorneys' fees incurred by plaintiff to enforce rights under FEHA, which fees are presently indeterminate as they continue to accrue.

d.   Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

49.    Defendants engaged in this wrongful conduct with malice, oppression and/or fraud.  This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants.  This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of plaintiff's rights.  Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

**CAUSE OF ACTION NO. 5**
**FAILURE TO TAKE ALL REASONABLE STEPS**
**TO PREVENT DISCRIMINATION, HARASSMENT, RETALIATION**
**(Government Code §12940, et seq.)**
**(Against Employer and Doe defendants)**

50.    All prior statements and allegations are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

51.    Government Code section 12940 et seq. requires an employer take all reasonable steps to prevent the discrimination, harassment and/or retaliation in violation of FEHA from occurring in the workplace.

52.    At all relevant times, defendants have employed over five employees and have been covered by FEHA's anti-discrimination provisions and plaintiff was an employee of defendants covered by FEHA.

53.    During plaintiff's employment for defendants, plaintiff was subjected to discrimination, harassment and/or retaliation in violation of FEHA as previously alleged.

54.    Defendants knew or should have known of such discrimination, harassment and/or retaliation and independently violated the FEHA by failing and refusing to take all reasonable steps to prevent such discrimination, harassment and/or retaliation.

55.    As a direct and proximate result of this wrongful conduct, plaintiff was harmed and damaged in an amount to be proven at trial.  Such damages include, but are not limited to, the following:

    a.    Special damages for lost income, lost benefits, lost earnings capacity, and other economic loss suffered by plaintiff, according to proof at trial.

    b.    General damages consisting of past and future emotional distress, mental anguish, pain, suffering, hurt, anxiety, inconvenience, ordeal, worry, anger, frustration, humiliation and embarrassment, according to proof at trial.

    c.    Necessary and reasonable attorneys' fees incurred by plaintiff to enforce rights under FEHA, which fees are presently indeterminate as they continue to accrue.

    d.    Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

56.    Defendants engaged in this wrongful conduct with malice, oppression and/or fraud.  This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants.  This wrongful conduct was

despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of plaintiff's rights.  Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

<div align="center">

**CAUSE OF ACTION NO. 6**
**WHISTLEBLOWER RETALIATION**
**(Labor Code §§ 1102.5, 6310, 6311)**
**(Against Employer and Doe defendants)**

</div>

57.     All prior statements and allegations are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

58.     At all times relevant herein, defendants were plaintiff's employers as that term is defined in the California Labor Code.

59.     During plaintiff's employment, plaintiff engaged in protected activities as set forth in Labor Code sections 1102.5, 6310 and/or 6311 including (a) reporting illegal workplace practices or unsafe or unhealthy conditions, or what plaintiff reasonably suspected were illegal workplace practices or unsafe or unhealthy conditions, to an agency or government authority or coworker with authority to address such matters and/or (b) refusing to participate in illegal, unsafe or unhealthy practices in the workplace.

60.     Following these protected activities, defendants engaged in one or more adverse employment actions towards plaintiff as previously alleged.

61.     A motivating factor for each of these adverse employment actions by defendants was plaintiff's protected whistleblower activities set forth above.

62.     As a direct and proximate result of this wrongful conduct, plaintiff was harmed and damaged in an amount to be proven at trial.  Such damages include, but are not limited to, the following:

     a.  Special damages for lost income, lost benefits, lost earnings capacity, and other economic loss suffered by plaintiff, according to proof at trial.

     b.  General damages consisting of past and future emotional distress, mental anguish, pain, suffering, hurt, anxiety, inconvenience, ordeal, worry, anger, frustration, humiliation and embarrassment, according to proof at trial.

     c.  Necessary and reasonable attorneys' fees incurred by plaintiff to pursue public benefit claim, which fees are presently indeterminate as they continue to accrue.

     d.  Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

63.     Defendants engaged in this wrongful conduct with malice, oppression and/or fraud.  This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants.  This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of plaintiff's rights.  Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

///

///

///

///

## CAUSE OF ACTION NO. 7
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Employer and Doe defendants)

64. All prior statements and allegations are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

65. California has a public policy, evidenced by statutes, against termination of an employee motivated by discrimination, harassment or retaliation in violation of FEHA, violation or retaliation under the CFRA, and whistleblower retaliation under Labor Code sections 98.6 or 1102.5.

66. Defendants terminated plaintiff's employment and, in doing so, violated the public policy of the state of California.

67. As a direct and proximate result of this wrongful conduct, plaintiff was harmed and damaged in an amount to be proven at trial. Such damages include, but are not limited to, the following:

    a. Special damages for lost income, lost benefits, lost earnings capacity, and other economic loss suffered by plaintiff, according to proof at trial.

    b. General damages consisting of past and future emotional distress, mental anguish, pain, suffering, hurt, anxiety, inconvenience, ordeal, worry, anger, frustration, humiliation and embarrassment, according to proof at trial.

    c. Necessary and reasonable attorneys' fees incurred by plaintiff pursuant to statute, which fees are presently indeterminate as they continue to accrue.

    d. Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

68.     Defendants engaged in this wrongful conduct with malice, oppression and/or fraud.  This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants.  This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of plaintiff's rights.  Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

### PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1)     On all claims, for general damages including losses for pain, suffering and emotional distress, as allowed by law, in the sum of $2,000,000, or as such may be determined and awarded according to proof at trial;

2)     On all claims, for special damages including medical, psychotherapeutic and related expenses, as allowed by law, in the sum of $100,000, or as such may be determined and awarded according to proof at trial;

3)     On claims 1-2, 4-7, for special damages including loss of income and employment benefits (past and future) and lost earnings capacity, and other incidental and consequential expenses, as allowed by law, in the sum of $1,000,000, or as such may be determined and awarded according to proof at trial;

4)     On all claims, for an award of punitive damages as allowed by law;

5)     On all claims, for an award of attorney fees to be determined by the court;

6)     On all claims, for costs of suit;

7)     On all claims, for interest, according to proof at trial;

8)      On all claims, for such other and further relief as the Court deems just and proper.

Dated:  September 19, 2022                    **EMPLOYEES LAW CENTER**

_____
Kenneth R. Myers
Counsel for Plaintiff MARK TOWNSEND

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the foregoing causes of action.

Dated:  September 19, 2022                    **EMPLOYEES LAW CENTER**

_____
Kenneth R. Myers
Counsel for Plaintiff MARK TOWNSEND

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

March 30, 2022

**Via Email**
marktownsendwork@aol.com

Mark Townsend
P.O. Box 382
Castaic, CA 91310

RE:   **Notice of Case Closure and Right to Sue**
      **Case Number**: 202012-12178126
      **EEOC Number**: 37A-2021-01750-C
      **Case Name**: Townsend / Ahern Rentals, Inc. et al.

Dear Mark Townsend:

We have closed your case and **waived** it to the U.S. Equal Employment Opportunity
Commission for further processing.

**This is your Right to Sue notice.**  As specified in Government Code section 12965,
subdivision (b), you may file your own civil action asserting employment claims under
the FEHA within one year of the date of this letter. If you want to file a civil action that
includes other claims, you should consult an attorney about the applicable statutes of
limitations.

Below are resources to assist you in deciding whether to bring a civil action on your own
behalf in court in the State of California under the provisions of the FEHA against the
person, employer, labor organization or employment agency named in your complaint.
To proceed in Superior Court, you should contact an attorney.

- The State Bar of California has a Lawyer Referral Services Program which can
  be accessed through its website at www.calbar.ca.gov under the "Public" link, or
  by calling (866) 442-2529 (within California) or (415) 538-2250 (outside
  California).

- Your local city or county may also have a lawyer referral or legal aid service.

- The Department of Consumer Affairs (DCA) has a publication titled "The Small
  Claims Court: A Guide to Its Practical Use" online at
  http://www.dca.ca.gov/publications/small_claims.  You may also order a free
  copy online, by calling the DCA Publication Hotline at (866) 320-8652, or by
  writing to them at: DCA, Office of Publications, Design and Editing, 1625 North
  Market Blvd., Suite N-112, Sacramento, CA 95834.

Notice of Case Closure and Right to Sue
March 30, 2022
Page **2** of **3**

Sincerely,

*Sharon Longino*

Sharon Longino
Consultant III, Specialist
916-585-7081
sharon.longino@dfeh.ca.gov

Enclosure
Cc:

## **Respondent**
Ahern Rentals, Inc.
10232 Glenoaks Blvd.
Pacoima, CA 91331

## **Co-Respondent**
Mark Brown, Chief Operating Officer
1401 W. Mineral Ave
Las Vegas, NV 89106

## **Respondent Representative**
Jenny Burke, Special Counsel
18565 Jamboree Road, Suite 800
Irvine, CA 92612

## **Respondent Representative**
Brian Morris, Esq.  Employment Counsel
1401 W. Mineral Ave
Las Vegas, NV 89106

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>  AHERN RENTALS, INC., a Nevada corporation; DON AHERN, an individual;<br>  MARK BROWN, an individual; and DOES 1 through 50, inclusive,<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>  MARK TOWNSEND, an individual, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse<br><br>111 North Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>22STCV30860 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
  Kenneth R. Myers, Esq. dba Empl. Law Center, 6901 Woodlake Ave, West Hills, CA, 91307, 818-501-8900

Sherri R. Carter Executive Officer / Clerk of Court

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)*  09/21/2022 | Clerk, by<br>*(Secretario)*   S. Ruiz | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100  [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |



# Superior Court of California, County of Los Angeles

<div style="border:1px solid black; padding:10px;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

<u>**What is ADR?**</u>

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

<u>**Advantages of ADR**</u>

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

<u>**Disadvantages of ADR**</u>

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

<u>**Main Types of ADR**</u>

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/21/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Ruiz _____ Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV30860 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Bruce G. Iwasaki | 58 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/21/2022
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Ruiz _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **_www.lacourt.org_** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
               (INSERT DATE)                                (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Print          Save                                                      Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

     a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

     b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

➢ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

| Print | Save |  | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                )   ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )   EXTENDING TIME TO RESPOND BY
Stipulations                     )   30 DAYS WHEN PARTIES AGREE
                                 )   TO EARLY ORGANIZATIONAL
                                 )   MEETING STIPULATION
_____)

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT  )      FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING         )
FOR CIVIL                                               )
                                                              )
                                                              )
                                                              )
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)   Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6         This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10 DATED: May 3, 2019  KEVIN C. BRAZILE

11                                     Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kenneth R. Myers, Esq.  SBN: 207103
dba Employees Law Center, 6901 Woodlake Ave., West Hills, CA, 91307

TELEPHONE NO.: 818-501-8900    FAX NO. (Optional): 818-561-3990
E-MAIL ADDRESS: ken@employeeslawcenter.com
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles  90012
BRANCH NAME: Central

CASE NAME:
Townsend vs. Ahern Rentals, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22STCV30860 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify):
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 09/20/2022

Kenneth R. Myers
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Townsend vs. Ahern Rentals, Inc., et al. | 22STCV30860 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
(CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)**

> **This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 5-7    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br><br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Townsend vs. Ahern Rentals, Inc., et al. | |

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont d.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Townsend vs. Ahern Rentals, Inc., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

| SHORT TITLE:<br>Townsend vs. Ahern Rentals, Inc., et al. | CASE NUMBER |
| --- | --- |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>10232 Glenoaks Blvd. |
| --- | --- |

| CITY:<br>Pacoima | STATE:<br>CA | ZIP CODE:<br>91331 | |
| --- | --- | --- | --- |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>Sept. 20, 2022</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4